IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BETTY RUSSELL )
 )
v. ) NO. 3-11-0536
 ) JUDGE CAMPBELL
METROPOLITAN NASHVILLE )
PUBLIC SCHOOLS )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 18). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's claims are DISMISSED.

FACTS

Plaintiff filed this action on June 6, 2011, alleging age discrimination and retaliation by Defendant, in violation of the Age Discrimination in Employment Act ("ADEA")[1] and the Tennessee Human Rights Act ("THRA").[2] Plaintiff claims that Defendant failed to promote her to the position of Senior Secretary because of her age and retaliated by filing a written reprimand against her because of her age discrimination complaint.

Plaintiff's Complaint alleges that she interviewed for the position of Senior Secretary at Middle College (in the Nashville Public Schools) on October 1, 2008. Plaintiff contends that the Middle College principal selected a 29-year-old woman for the position, despite the fact that

---

[1] 29 U.S.C. §§ 621, *et seq.*

[2] Tenn. Code Ann. §§ 4-21-101, *et seq.*

Plaintiff, who was 59 years old, had substantially more experience and qualifications than the younger woman.

Plaintiff contends that, pursuant to Defendant's Support Staff Handbook, she filed a grievance with regard to the selection of the younger woman, alleging violations of Defendant's selection procedures. Plaintiff asserts that, pursuant to the grievance procedures, Bryan Pieper conducted an outside review of the grievance on July 15, 2009. Plaintiff was represented by counsel at this administrative hearing. Plaintiff contends that Mr. Pieper found in her favor and reported his findings to the Director of Schools, Mr. Register, who rejected Pieper's findings on September 1, 2009. Plaintiff filed her Complaint with the Equal Employment Opportunity Commission ("EEOC") on February 26, 2010. She filed this action on June 6, 2011.

Defendant maintains that Plaintiff's ADEA claim and THRA claims are time barred; Plaintiff's retaliation claim is barred because of Plaintiff's failure to file an EEOC Complaint with regard to retaliation; Plaintiff's retaliation claim fails because the alleged retaliatory act does not constitute an adverse employment action; and Plaintiff's retaliation claim should be dismissed because Defendant issued the written reprimand on the same day as (and without knowing about) Plaintiff's age discrimination EEOC complaint.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material

facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AGE DISCRIMINATION

Plaintiff contends that, despite her superior qualifications, she was not hired for the position of Senior Secretary because of her age. Defendant argues that this claim is time-barred because Plaintiff failed to bring an EEOC charge of age discrimination within 300 days of the alleged discriminatory act.

In Tennessee, which has state laws prohibiting age discrimination, a plaintiff's ADEA claim will be dismissed as untimely if the plaintiff fails to file a charge with the EEOC within 300 days of the discriminatory action. 29 U.S.C. § 626(d)(2); *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 375-76 (6th Cir. 2002). The 300-day limitation period begins to run when a plaintiff has knowledge of the employment decision, practice or action at issue, not when a plaintiff becomes

aware of the consequence of the act or when she believes it to be unlawful. *Amini v. Oberlin College*, 259 F.3d 493, 499 (6th Cir. 2001); *Jenkins v. Metro Bd. of Educ.*, 2012 WL 874718 at * 3 (M.D. Tenn. March 14, 2012).[3] The ADEA filing period is more in the nature of a statute of limitations and is subject to equitable tolling. *Weigel*, 302 F.3d at 376.

The Sixth Circuit has repeatedly held that the limitations period begins to run when the allegedly discriminatory act is communicated to the plaintiff - not when the facts which support a claim of discrimination become reasonably apparent. *Walker v. Donahoe*, 2012 WL 3060935 at * 5 (E.D. Mich. July 26, 2012) (citing *Amini*). The pendency of a grievance or some other method of collateral review of an employment decision does not toll the running of the limitations period. *Delaware State College v. Ricks*, 101 S.Ct. 498, 506 (1980); *Jenkins* at * 3.

Plaintiff admits that her EEOC charge was filed on February 26, 2010. Defendant claims that Plaintiff learned she had not been selected for the Senior Secretary position no later than October 10, 2008. Plaintiff argues that her ADEA claim was not "ripe" until her appeal of the decision was completed, at the time the Director of Schools made the final decision on September 9, 2009.

Plaintiff's EEOC complaint was filed more than 300 days after the alleged discriminatory act and, therefore, was untimely. As noted, the pendency of Plaintiff's grievance does not toll the running of the limitations period.

To the extent Plaintiff's argument could be for equitable tolling, the Court notes that the Sixth Circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly.

---

[3] A plaintiff's claim accrues when he learns of the actual injury (*i.e.*, an adverse employment action), not when he suspects a legal wrong. *Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010).

4

*Amini*, 259 F.3d at 500. In determining whether equitable tolling of the EEOC filing period is appropriate, the Sixth Circuit has taken into consideration the following factors: (1) lack of notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.[4] *Id.*

Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000). Absent compelling equitable considerations, a court should not extend limitations by even a single day. *Id.* at 561.

Here, as in *Amini*, Plaintiff has not alleged that Defendant engaged in any misrepresentations or other wrongdoing that caused her to miss her filing deadline. Plaintiff was represented by counsel at the administrative hearing on July 15, 2009, within the 300-day limit. Plaintiff knew when she interviewed for the promotion that the other person being considered was younger than she. Plaintiff knew on October 10, 2010, that the younger woman was selected for the position.

Plaintiff never mentions equitable tolling. She has not shown that the above factors favor equitable tolling, that her failure to timely file her EEOC charge was due to a circumstance beyond her control, or any other compelling reason to apply equitable tolling to her case. *See Bilyeu v. Metropolitan Gov't of Nashville and Davidson County, Tennessee,* 2012 WL 996681 at * 5 (M.D. Tenn. March 23, 2012).

---

[4] These factors are not comprehensive and not each factor will be relevant in all cases. *Amini* at 500. The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.*

In *Jackson v. Richards Medical Co.*, 961 F.2d 575 (6th Cir. 1992), the court held:

> When an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the [limitation] period. A contrary result would permit and aggrieved employee aware of his general rights to sit on those rights until he leisurely decided to take action. This would be inconsistent with and undermine the underlying ADEA policy of encouraging speedy, non-judicial resolutions to age discrimination employment disputes.

*Jackson*, 961 F.2d at 580. Here, Plaintiff had legal counsel well within the 300-day limitation period and has not shown a compelling reason to toll the applicable limitation. The Court finds that Plaintiff's ADEA claim is time-barred. Defendant's Motion for Summary Judgment as to the ADEA claim is GRANTED, and that claim is dismissed.

Although Plaintiff does not, in her Response, address the timeliness of an age discrimination claim under the THRA, to the extent she alleges such a claim, Defendant correctly argues that it is barred by the one-year statute of limitations found in Tennessee law. Tenn. Code Ann. § 4-12-311(d). Even assuming Plaintiff had no actual knowledge of the alleged discrimination until the administrative hearing, that hearing was on July 15, 2009, clearly more than one year before her June 6, 2011 Complaint herein.[5]

## RETALIATION

Plaintiff asserts that Defendant retaliated against her by reprimanding her, in writing, after an incident where she allegedly was attacked by a student at Hunters Lane High School. Complaint (Docket No. 1), ¶¶ 36-38.[6] Defendant argues first that Plaintiff's retaliation claim under the THRA

---

[5] The THRA's one-year limitations period for bringing a court action is not tolled while administrative charges are pending. *Conner v. City of Jackson, Tennessee*, 669 F.Supp.2d 886, 890 (W.D. Tenn. 2009).

[6] Plaintiff's claim that Defendant retaliated against her by refusing to transfer her to another school is not pled in her Complaint and, therefore, is not considered by the Court. In any

is barred by the one-year statute of limitations. Tenn. Code Ann. § 4-21-311(d). Plaintiff admits that the written reprimand was issued on March 2, 2010. Docket No. 25, p. 5. This action was not filed until June 6, 2011, more than one year thereafter. Accordingly, Plaintiff's retaliation claim under the THRA is time barred.

Defendant contends that Plaintiff's retaliation claim under the ADEA is also barred because she failed to raise it in an EEOC Complaint. Federal courts do not have subject matter jurisdiction to hear ADEA claims unless the claimant files the claim in a charge with the EEOC or the claim can be reasonably expected to grow out of the EEOC charge. *Howard v. Daimler Chryster Corp.*, 290 F.Supp 2d 784, 792 (E.D. Mich. 2003).

Where facts related to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. *Weigel*, 302 F.3d at 380. Under the scope of this test, retaliation naturally grows out of any underlying substantive discrimination charge, making retaliation foreseeable to the defendant. *Id.* It is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court. *Johnston v. O'Neill*, 272 F.Supp.2d 696, 705 (N.D. Ohio 2003). Because retaliatory claims, by definition, arise after the filing of the EEOC charge, this rule promotes efficiency by requiring only one filing. *Minnis v. McDonnell Douglas Tech. Servs. Co.,* 1262 F.Supp.2d 718, 738 (E.D. Mich. 2001).[7]

---

case, Plaintiff admits that the transfer denial took place on March 3, 2010, more than one year before she filed her June 6, 2011 Complaint herein. Docket No. 25, p. 5.

    [7]    Retaliatory conduct occurring *prior* to the filing of the EEOC complaint is distinguishable from conduct occurring afterwards as no unnecessary double filing is required by

Because Plaintiff's retaliation claim grew out of her age discrimination complaint, the Court finds that failure to include it in a separate EEOC complaint does not extinguish that claim.

Defendant argues that even if the retaliation claim is not otherwise barred, the written reprimand was not an adverse employment action. A retaliatory adverse employment action is defined as one that could well dissuade a reasonable worker from making or supporting a charge of discrimination. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 491 (6th Cir. 2010). An adverse employment action must be a "materially adverse change" in the terms and conditions of employment. *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010). Adverse employment actions are actions by an employer which constitute a significant change in employment status, including hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits. *Regan v. Faurecia Automotive Seating, Inc.*, 679 F.3d 475, 481 (6th Cir. 2012).

Plaintiff does not allege that she incurred a consequence such as firing, demotion, suspension or reduction in pay. Indeed, Plaintiff was promoted, at the beginning of the 2010-11 school year, to Guidance Tech, with an increase in pay. As in the recent case of *Targonski v. City of Oak Ridge*, 2012 WL 2930813 at * 6 (E.D. Tenn. July 18, 2012), the Court finds that Plaintiff's being "written up" is not an adverse employment action under the facts of this case.

Finally, Defendant contends that the written reprimand could not have been caused by Plaintiff's EEOC complaint because Defendant did not receive that EEOC complaint until March 2, 2010, and Plaintiff's reprimand was written on February 26, 2010. The Court need not address this issue, having found no adverse employment action in this case.

---

demanding that plaintiffs allege retaliation in the original complaint. *Minnis*, 162 F.Supp.2d at 738.

CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No.18) is GRANTED, and Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE